# EXHIBIT A

**Superior Court of California, County of Santa Cruz**

## Case Summary

### Case No. 22CV01547

| | | |
|---|---|---|
| **STEPHEN BURTON, et al vs LINCARE INC., a Delaware corporation** | § § § | Location: **Civil** |
| | | Judicial Officer: **Volkmann, Timothy** |
| | | Filed on: **07/19/2022** |

---

## Case Information

---

File Date   07/19/2022
**Cause of Action**
Complaint

**Description/Remedy**
Action
$0.00 Monetary
$0.00 Nonmonetary; Declaratory or
Injunctive Relief
$0.00 Punitive

Case Type:   (42) Unlimited Other Complaint (Not Spec)

Case Status:   **07/19/2022   Active**

---

## Party Information

---

| **Plaintiff** | **BURTON, STEPHEN** | **Treglio, James Michael** *Retained* |
|---|---|---|
| | **JUAREZ, VICTOR** | **Treglio, James Michael** *Retained* |
| **Defendant** | **LINCARE INC., a Delaware corporation** | |

---

## Causes of Action

---

07/19/2022   **Cause of Action** Complaint
Action Type   Action
Remedies Sought   Monetary
Nonmonetary; Declaratory or Injunctive Relief
Punitive

---

## Case Events

---

07/27/2022   
Proof of Service (Complaint/Petition/Claim)
Date served:   07/22/2022
Party served:   Defendant LINCARE INC., a Delaware corporation

07/19/2022
Complaint Filed

07/19/2022
Civil Case Cover Sheet

07/19/2022
Summons Issued / Filed

---

## Hearings

---

11/16/2022   **Case Management Conference**   (8:30 AM)   (Judicial Officer: Volkmann, Timothy)

**Superior Court of California, County of Santa Cruz**

## Case Summary

**Case No. 22CV01547**

---

### Service Events

---

07/19/2022    **30 Day Summons** Requested by: BURTON, STEPHEN ;  JUAREZ, VICTOR
                LINCARE INC., a Delaware corporation
                Issued



## Service of Process Transmittal Summary

**TO:**  Sheila Kalteux
Lincare Inc.
19387 US Highway 19 N
Clearwater, FL 33764-3102

**RE:**  **Process Served in California**

**FOR:**  Lincare Inc.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | STEPHEN BURTON, VICTOR JUAREZ, on behalf of themselves and all others similarly situated vs. LINCARE INC. |
| **CASE #:** | 22CV01547 |
| **PROCESS SERVED ON:** | C T Corporation System, GLENDALE, CA |
| **DATE/METHOD OF SERVICE:** | By Process Server on 07/22/2022 at 08:55 |
| **JURISDICTION SERVED:** | California |
| **ACTION ITEMS:** | CT will retain the current log |
| | Image SOP |
| | Email Notification,  Sheila Kalteux  skalteux@lincare.com |
| | Email Notification,  Paul Tripp  paul.tripp@lincare.com |
| | Email Notification,  John Robertson  JRober33@lincare.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System |
| | 330 N BRAND BLVD |
| | STE 700 |
| | GLENDALE, CA 91203 |
| | 800-448-5350 |
| | MajorAccountTeam1@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

 Wolters Kluwer

# PROCESS SERVER DELIVERY DETAILS

**Date:**                                        Fri, Jul 22, 2022
**Server Name:**                            Robert Diaz

| Entity Served | LINCARE INC. |
|---|---|
| Case Number | 22CV01547 |
| Jurisdiction | CA |

| Inserts | | |
|---|---|---|
| | | |



SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

LINCARE INC., a Delaware corporation; and DOES 1 through 100, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

STEPHEN BURTON, VICTOR JUAREZ, on behalf of themselves and all others similarly situated,

| *FOR COURT USE ONLY*<br>*(SOLO PARA USO DE LA CORTE)* |
|---|
| ELECTRONICALLY FILED<br>Superior Court of California<br>County of Santa Cruz<br>7/19/2022 8:00 AM<br>Alex Calvo, Clerk<br>By: Karen Broughton, Deputy |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Superior Court for the County of Santa Cruz | **CASE NUMBER:**<br>*(Número del Caso):* 22CV01547 |
|---|---|

Santa Cruz Courthouse,

701 Ocean Street, Santa Cruz, CA 95060

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
James M. Treglio; Potter Handy, LLP; 100 Pine St., Ste 1250, San Francisco, CA 94111; (858) 375-7385

| DATE: 7/19/2022<br>*(Fecha)* | **ALEX CALVO** | Clerk, by<br>*(Secretario)* | , Deputy<br>*(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* Lincare Inc.

under: ☑ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courtinfo.ca.gov* |
|---|---|---|

1   **POTTER HANDY LLP**
    Mark D. Potter (SBN 166317)
2   mark@potterhandy.com
    James M. Treglio (SBN 228077)
3   jimt@potterhandy.com
    100 Pine St., Ste 1250
4   San Francisco, CA 94111
    Tel: (858) 375-7385
5   Fax: (888) 422-5191
6
7   Attorneys for Plaintiffs

ELECTRONICALLY FILED
Superior Court of California
County of Santa Cruz
7/19/2022 8:00 AM
Alex Calvo, Clerk
By: Karen Broughton, Deputy

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                  **FOR THE COUNTY OF SANTA CRUZ**

                                            22CV01547

10  STEPHEN BURTON, VICTOR JUAREZ, on      ) **CLASS ACTION**
11  behalf of themselves and all others similarly   )
    situated,                                        ) **CLASS COMPLAINT FOR DAMAGES**
12                                                   ) **AND INJUNCTIVE RELIEF (FOR**
                       Plaintiffs,                   ) **VIOLATIONS OF:**
13                                                   )
                                                     )  (1) **THE CONFIDENTIALITY OF**
14          vs.                                      )      **MEDICAL INFORMATION ACT,**
                                                     )      **CIVIL CODE §§ 56, *ET SEQ*.);**
15  LINCARE INC., a Delaware corporation; and  )  (2) **CALIFORNIA UNFAIR**
    DOES 1 through 100, inclusive,                  )      **COMPETITION LAW, Cal. Bus. &**
16                                                   )      **Prof. Code §17200, *et seq.*;**
                       Defendants.                   )  (3) **CALIFORNIA CONSUMER**
17                                                   )      **RECORDS ACT, Cal. Civ. Code §**
                                                     )      **1798.82, *et seq.***
18                                                   )
                                                     ) **DEMAND FOR JURY TRIAL**
19

20  _____

21

22

23

24

25

26

27

28

Class Action Complaint

1   Class Representatives Stephen Burton and Victor Juarez  ("Class Representatives" or
2   "Plaintiffs"), by and through their attorneys, individually and on behalf of others similarly situated,
3   alleges upon information and belief as follows:

I.

**INTRODUCTION**

6   1.   Under the Confidentiality of Medical Information Act, Civil Code §§ 56, *et seq.*
7   (hereinafter referred to as the "Act"), Plaintiffs and all other persons similarly situated, had a right
8   to keep their personal medical information provided to Defendants Lincare Inc. ("Lincare,"
9   "Defendant," or "Defendants") confidential.  The short title of the Act states, "The Legislature
10  hereby finds and declares that persons receiving health care services have a right to expect that the
11  confidentiality of individual identifiable medical information derived by health service providers
12  be reasonably preserved.  It is the intention of the Legislature in enacting this act, to provide for
13  the confidentiality of individually identifiable medical information, while permitting certain
14  reasonable and limited uses of that information." The Act specifically provides that "a provider of
15  health care, health care service plan, or contractor shall not disclose medical information regarding
16  a patient of the provider of health care or an enrollee or subscriber of a health care service plan
17  without first obtaining an authorization...." Civil Code. § 56.10(a).  The Act further provides that
18  "Every provider of health care, health care service plan, pharmaceutical company, or contractor
19  who creates, maintains, preserves, stores, abandons, destroys, or disposes of medical records shall
20  do so in a manner that preserves the confidentiality of the information contained therein. Any
21  provider of health care, health care service plan, pharmaceutical company, or contractor who
22  negligently creates, maintains, preserves, stores, abandons, destroys, or disposes of medical
23  records shall be subject to the remedies ... provided under subdivisions (b) ... of Section 56.36."
24  Civil Code § 56.101(a).

25  2.   Civil Code § 56.36(b) provides Plaintiffs, and all other persons similarly situated,
26  with a private right to bring an action against Defendant for violation of Civil Code § 56.101 by
27  specifically providing that "[i]n addition to any other remedies available at law, any individual may
28  bring an action against any person or entity who has negligently released confidential information

1

Class Action Complaint

1   or records concerning him or her in violation of this part, for either or both of the following: (1) ...

2   nominal damages of one thousand dollars ($1,000).  In order to recover under this paragraph, *it shall*

3   *not be necessary that the plaintiff suffered or was threatened with actual damages.* (2) The amount

4   of actual damages, if any, sustained by the patient." (Emphasis added.)

5       3.      This class action is brought on behalf of Plaintiffs and a putative class defined as all

6   citizens of the State of California who were patients of Lincare Inc. on or before September 10,

7   2021, and who received notices from Lincare that their information was compromised ("Breach

8   Victims," the "Class," or the "Class Members").

9       4.      As alleged more fully below, Defendant created, maintained, preserved, and stored

10  Plaintiffs' and the Class members' personal medical information onto the Defendant's computer

11  network prior to September 10, 2021.  Due to Defendant's mishandling of personal medical

12  information recorded onto the Defendant's computer network, there was an unauthorized release of

13  Plaintiffs' and the Class members' confidential medical information that occurred between

14  September 10, 2021 and September 29, 2021, in violation of Civil Code § 56.101 of the Act.

15      5.      As alleged more fully below, Defendant negligently created, maintained, preserved,

16  and stored Plaintiffs' and the Class members' confidential medical information in a non-encrypted

17  format onto a data server which became accessible to an unauthorized person, without Plaintiffs'

18  and the Class members' prior written authorization. This act of providing unauthorized access to

19  Plaintiffs' and the Class Members' confidential medical information onto the internet continuously

20  constitutes an unauthorized release of confidential medical information in violation of Civil Code §

21  56.101 of the Act.  Because Civil Code § 56.101 allows for the remedies and penalties provided

22  under Civil Code § 56.36(b), Class Representatives, individually and on behalf of others similarly

23  situated, seek nominal damages of one thousand dollars ($1,000) for each violation under Civil Code

24  § 56.36(b)(1).  Additionally, Class Representatives, individually and on behalf of others similarly

25  situated, seek injunctive relief for unlawful violations of Business and Professions Code §§ 17200,

26  *et seq.*

27      6.      Class Representatives do not seek any relief greater than or different from the relief

28  sought for the Class of which Plaintiffs are members. The action, if successful, will enforce an

2

1   important right affecting the public interest and would confer a significant benefit, whether

2   pecuniary or non-pecuniary, for a large class of persons.  Private enforcement is necessary and

3   places a disproportionate financial burden on Class Representatives' stake in the matter.

4                                    **II.**

5                       **JURISDICTION AND VENUE**

6          7.       This Court has jurisdiction over this action under California Code of Civil Procedure

7   § 410.10.  The aggregated amount of damages incurred by Plaintiffs and the Class exceeds the

8   $25,000 jurisdictional minimum of this Court.  The amount in controversy as to the Plaintiffs

9   individually and each individual Class member does not exceed $75,000, including interest and any

10  pro rata award of attorneys' fees, costs, and damages.  Venue is proper in this Court under California

11  Bus. & Prof. Code § 17203, Code of Civil Procedure §§ 395(a) and 395.5 because Defendant does

12  business in the State of California and in the County of Santa Cruz.  Defendant has obtained medical

13  information in the transaction of business in the County of Santa Cruz which has caused both

14  obligations and liability of Defendant to arise in the County of Santa Cruz.

15                                   **III.**

16                                 **PARTIES**

17  **A.     PLAINTIFF**

18         8.       Class Representative Stephen Burton is a resident of the State of California.  At all

19  times relevant, Plaintiff was a patient of Defendants.  The information provided by Plaintiff to

20  Defendants included Plaintiff's medical information. Thus, Plaintiff was a patient, as defined by

21  Civil Code § 56.05(k). Plaintiff's individual identifiable medical information derived by Defendant

22  in electronic form was in possession of Defendant, including but not limited to Plaintiff's medical

23  history, mental or physical condition, or treatment, including diagnosis and treatment dates.  Such

24  medical information included or contained an element of personal identifying information sufficient

25  to allow identification of the individual, such as Plaintiff's name, date of birth, addresses, medical

26  record number, insurance provider, electronic mail address, telephone number, or social security

27  number, or other information that, alone or in combination with other publicly available information,

28

Class Action Complaint

1  reveals Plaintiff's identity. Since Defendant obtained Plaintiff's information, Plaintiff has received
2  numerous solicitations by mail from third parties at an address he only provided to Defendant.

3      9.      Class Representative Victor Juarez is a resident of the State of California.  At all
4  times relevant, Plaintiff was a patient of Defendants.  The information provided by Plaintiff to
5  Defendants included Plaintiff's medical information. Thus, Plaintiff was a patient, as defined by
6  Civil Code § 56.05(k). Plaintiff's individual identifiable medical information derived by Defendant
7  in electronic form was in possession of Defendant, including but not limited to Plaintiff's medical
8  history, mental or physical condition, or treatment, including diagnosis and treatment dates.  Such
9  medical information included or contained an element of personal identifying information sufficient
10  to allow identification of the individual, such as Plaintiff's name, date of birth, addresses, medical
11  record number, insurance provider, electronic mail address, telephone number, or social security
12  number, or other information that, alone or in combination with other publicly available information,
13  reveals Plaintiff's identity. Since Defendant obtained Plaintiff's information, Plaintiff has received
14  numerous solicitations by mail from third parties at an address he only provided to Defendant.

15      10.     PLAINTIFFS received from Defendant a notification that their personal medical
16  information and their personal identifying information were disclosed when an unauthorized person
17  gained access to Defendant's servers.

18  **B.     DEFENDANT**

19      11.     Defendant Lincare Inc. is a leading provider of high-quality, at-home respiratory
20  care, INR testing, enteral services, and home medical supplies throughout the country.  It is a
21  Delaware corporation with its principal place of business located at 19387 US Hwy 19 N,
22  Clearwater, FL 33764.  Defendant operates throughout the State of California including in Santa
23  Cruz, California. At all times relevant, Defendant is a "provider of health care" as defined by Civil
24  Code § 56.05(m).  Prior to September 10, 2021, Defendant created, maintained, preserved, and
25  stored Plaintiffs' and the Class members' individually identifiable medical information onto
26  Defendant's computer network, including but not limited to Plaintiffs' and the Class members'
27  medical history, mental or physical condition, or treatment, including diagnosis and treatment dates.
28  Such medical information included or contained an element of personal identifying information

4

1  sufficient to allow identification of the individual, such as Plaintiffs' and the Class members' names,
2  dates of birth, addresses, medical record numbers, insurance providers, electronic mail addresses,
3  telephone numbers, or social security numbers, or other information that, alone or in combination
4  with other publicly available information, reveals Plaintiffs' and the Class members' identities.

5  **C.    DOE DEFENDANTS**

6      12.    The true names and capacities, whether individual, corporate, associate, or otherwise,
7  of Defendants sued herein as DOES 1 through 100, inclusive, are currently unknown to the
8  Plaintiffs, who therefore sues the Defendants by such fictitious names under the Code of Civil
9  Procedure § 474. Each of the Defendants designated herein as a DOE is legally responsible in some
10 manner for the unlawful acts referred to herein. Plaintiffs will seek leave of court and/or amend this
11 complaint to reflect the true names and capacities of the Defendants designated hereinafter as DOES
12 1 through 100 when such identities become known. Any reference made to a named Defendant by
13 specific name or otherwise, individually or plural, is also a reference to the actions or inactions of
14 DOES 1 through 100, inclusive.

15 **D.    AGENCY/AIDING AND ABETTING**

16     13.    At all times herein mentioned, Defendants, and each of them, were an agent or joint
17 venturer of each of the other Defendants, and in doing the acts alleged herein, were acting with the
18 course and scope of such agency. Each Defendant had actual and/or constructive knowledge of the
19 acts of each of the other Defendants, and ratified, approved, joined in, acquiesced and/or authorized
20 the wrongful acts of each co-defendant, and/or retained the benefits of said wrongful acts.

21     14.    Defendants, and each of them, aided and abetted, encouraged and rendered
22 substantial assistance to the other Defendants in breaching their obligations to Plaintiffs and the
23 Class, as alleged herein. In taking action, as particularized herein, to aid and abet and substantially
24 assist the commissions of these wrongful acts and other wrongdoings complained of, each of the
25 Defendants acted with an awareness of his/her/its primary wrongdoing and realized that his/her/its
26 conduct would substantially assist the accomplishment of the wrongful conduct, wrongful goals,
27 and wrongdoing.

28                                    **IV.**

5

1        **FACTUAL ALLEGATIONS**

2   **A.      The Data Breach**

3        15.     Defendant Lincare Inc. is a leading provider of high-quality, at-home respiratory

4   care, INR testing, enteral services, and home medical supplies throughout the country.  With data

5   stored regarding its patients nationwide, Lincare collects a significant amount of sensitive data from

6   current and former patients, as delineated above.

7        16.     On or around June 21, 2022, Defendant issued a letter (the "Notice") to individuals,

8   including Plaintiffs, providing, for the first time, a notice "of a security incident that may have

9   involved the disclosure of some of your personal information."

10       17.     In the Notice, Defendant notified consumers that when it became aware of the

11  unusual activity on September 26, 2021, it "took immediate action…to secure its network and

12  launched an investigation, including working with outside cybersecurity experts to determine the

13  source of the activity and potential impact on Lincare's network."

14       18.     Almost nine months later or on June 21, 2022, Defendant sent  the Notice stating that

15  "The investigation confirmed that certain systems may have first been accessed on September 10,

16  2021. The unauthorized access was blocked by September 29, 2021…On April 20, 2022, it was

17  confirmed that your information was involved…" (the "Data Breach").

18       19.     The Notice went on to say that as a result of the review, it was determined that some

19  of Plaintiffs' and the Class Members' information may have been involved. Defendant confirmed

20  that some of Plaintiffs' information were present in the files that were illegally accessed from

21  Defendant's server.   Defendant failed to state in its Notice when it identified that Plaintiffs'

22  information was included in the Data Breach.

23       20.     Yet, despite knowing many patients were in danger, Defendant did nothing to warn

24  Breach Victims until almost nine months after it discovered the Data Breach and more than nine

25  months after the actual date of the Data Breach, an unreasonable amount of time under any objective

26  standard. During this time, cyber criminals had free reign to surveil and defraud their unsuspecting

27  victims. Defendant apparently chose to complete its internal investigation and develop its excuses

28

6

1  and speaking points before giving class members the information they needed to protect themselves
2  against fraud and identity theft.

3      21.    During its investigation, Defendant "determined that the following types of
4  information relating to you were involved in this this incident: name, medical information, which
5  may include information concerning medical treatments you received such as provider name, dates
6  of service, diagnosis/procedure, and/or account or record numbers."

7      22.    This was a staggering coup for cyber criminals and a stunningly bad showing for
8  Defendant. It would be even worse if the Breach Victims are minors as this data breach will likely
9  affect them for their entire lives.

10     23.    It is apparent from Defendant's Notice that the Personal and Medical information
11 contained within the server was not encrypted or was inadequately protected.

12     24.    In spite of the severity of the Data Breach, Defendant has done very little to protect
13 Breach Victims. In the Notice, Defendant states that it is notifying Breach Victims and it encourages
14 the Breach Victims to remain vigilant against incidents of identity theft and fraud, and to review
15 their account statements and explanation of benefits forms, and to monitor their free credit reports
16 for suspicious activity, and to detect errors. In effect, shirking its responsibility for the harm it has
17 caused and putting it all on the Breach Victims.

18     25.  .  Defendant failed to adequately safeguard Plaintiffs' and Class members' Personal
19 and Medical Information, allowing cyber criminals to access this wealth of priceless information
20 and use it for more than nine months before Defendant warned the criminals' victims, the Breach
21 Victims, to be on the lookout.

22     26.    Defendant failed to spend sufficient resources on monitoring external incoming
23 emails and training its employees to identify email-born threats and defend against them.

24     27.    Defendant had obligations created by the Health Insurance Portability and
25 Accountability Act ("HIPAA"), the Confidentiality of Medical Information Act ("CMIA"),
26 reasonable industry standards, its own contracts with its patients and employees, common law, and
27 its representations to Plaintiffs and Class members, to keep their Personal and Medical Information
28 confidential and to protect the information from unauthorized access.

7

28.     Plaintiffs and Class members provided their Personal and Medical Information to Defendant with the reasonable expectation and mutual understanding that Defendant would comply with its obligations to keep such information confidential and secure from unauthorized access.

29.     Indeed, as discussed below, Defendant promised Plaintiffs and Class members that it would do just that.

**B.     Defendant Expressly Promised to Protect Personal and Medical Information**

30.     Defendant provides all clients, including Plaintiffs and Class members, its Company Privacy Policy, which states that:

> SECURITY OF YOUR INFORMATION
>
> The security of your Personally Identifiable Information is very important to us, and Company takes reasonable steps to protect the information you provide us from loss, misuse, unauthorized access, disclosure, alteration, or destruction. We follow generally accepted industry standards to safeguard your information, however, no data or email transmission is ever fully secure or error free. Therefore, please take special care in deciding what information to send us. We have reasonable safeguards in place to protect your information, and we have taken the following security measures: ... [1]

31.     Notwithstanding the foregoing assurances and promises, Defendant failed to protect the Personal and Medical Information of Plaintiffs and other Class members from cyber criminals using relatively unsophisticated means to dupe its patients, as conceded in the Notice to the Breach Victims.

32.     If Defendant truly understood the importance of safeguarding patients' Personal and Medical Information, it would acknowledge its responsibility for the harm it has caused, and would compensate class members, provide long-term protection for Plaintiffs and the Class, agree to Court-ordered and enforceable changes to its cybersecurity policies and procedures, and adopt regular and intensive training to ensure that a data breach like this never happens again.

33.     Defendant's data security obligations were particularly important given the known substantial increase in data breaches, including the recent massive data breach involving Illuminate

---

[1] Lincare, "Company Privacy Policy," https://www.lincare.com/en/policies/privacy , last visited on July 15, 2022.

1   Education, Horizon Actuarial Services, Partnership HealthPlan of California, Bako Diagnostics,

2   Rite Aid, Discovery Practice Management, Fairchild Medical Center, Scripps Health, HealthNet,

3   LabCorp, Quest Diagnostics, and American Medical Collections Agency. And given the wide

4   publicity given to these data breaches, there is no excuse for Defendant's failure to adequately

5   protect Plaintiff and Class members' Personal and Medical Information.

6       34.     That information, is now in the hands of cyber criminals who will use it if given the

7   chance. Much of this information is unchangeable and loss of control of this information is

8   remarkably dangerous to consumers.

9   **C.     Defendant had an Obligation to Protect Personal and Medical Information under**

10  **Federal and State Law and the Applicable Standard of Care**

11      35.     Defendant is an entity covered by HIPAA (45 C.F.R. § 160.102). As such, it is

12  required to comply with the HIPAA Privacy Rule and Security Rule, 45 C.F.R. Part 160 and Part

13  164, Subparts A and E ("Standards for Privacy of Individually Identifiable Health Information"),

14  and   Security Rule ("Security Standards for the Protection of Electronic Protected Health

15  Information), 45 C.F.R. Part 160 and Part 164, Subparts A and C.

16      36.     HIPAA's Privacy Rule or *Standards for Privacy of Individually Identifiable Health*

17  *Information* establishes national standards for the protection of health information.

18      37.     HIPAA's Security Rule or *Security Standards for the Protection of Electronic*

19  *Protected Health Information* establishes a national set of security standards for protecting health

20  information that is held or transferred in electronic form.

21      38.     HIPAA requires Defendant to "comply with the applicable standards,

22  implementation specifications, and requirements" of HIPAA "with respect to electronic protected

23  health information." 45 C.F.R. § 164.302.

24      39.     "Electronic protected health information" is "individually identifiable health

25  information . . . that is (i) Transmitted by electronic media; maintained in electronic media." 45

26  C.F.R. § 160.103.

27      40.     HIPAA's Security Rule requires Defendant to do the following:

28

Class Action Complaint

a. Ensure the confidentiality, integrity, and availability of all electronic protected health information the covered entity or business associate creates, receives, maintains, or transmits;

b. Protect against any reasonably anticipated threats or hazards to the security or integrity of such information;

c. Protect against any reasonably anticipated uses or disclosures of such information that are not permitted; and

d. Ensure compliance by its workforce.

41.     HIPAA also required Defendant to "review and modify the security measures implemented . . . as needed to continue provision of reasonable and appropriate protection of electronic protected health information." 45 C.F.R. § 164.306(e).

42.     HIPAA also required Defendant to "[i]mplement technical policies and procedures for electronic information systems that maintain electronic protected health information to allow access only to those persons or software programs that have been granted access rights." 45 C.F.R. § 164.312(a)(1).

43.     The HIPAA Breach Notification Rule, 45 CFR §§ 164.400-414, also required Defendant to provide notice of the breach to each affected individual "without unreasonable delay and *in no case later than 60 days following discovery of the breach*."[2]

44.     Defendant was also prohibited by the Federal Trade Commission Act ("FTC Act") (15 U.S.C. §45) from engaging in "unfair or deceptive acts or practices in or affecting commerce." The Federal Trade Commission ("FTC") has concluded that a company's failure to maintain reasonable and appropriate data security for consumers' sensitive personal information is an "unfair practice" in violation of the FTC Act. *See, e.g., FTC v. Wyndham Worldwide Corp.*, 799 F.3d 236 (3d Cir. 2015).

---

[2] Breach Notification Rule, U.S. Dep't of Health &   Human Services, https://www.hhs.gov/hipaa/for professionals/breach-notification/index.html (emphasis added).

Class Action Complaint

45.     As described before, Defendant is also required (by the California Consumer Records Act ("CCRA"), CMIA and various other states' laws and regulations) to protect Plaintiff and Class members' Personal and Medical Information, and further, to handle any breach of the same in accordance with applicable breach notification statutes.

46.     In addition to their obligations under federal and state laws, Defendant owed a duty to Breach Victims whose Personal and Medical Information was entrusted to Defendant to exercise reasonable care in obtaining, retaining, securing, safeguarding, deleting, and protecting the Personal and Medical Information in its possession from being compromised, lost, stolen, accessed, and misused by unauthorized persons. Defendant owed a duty to Breach Victims to provide reasonable security, including consistency with industry standards and requirements, and to ensure that its computer systems and networks, and the personnel responsible for them, adequately protected the Personal and Medical Information of the Breach Victims.

47.     Defendant owed a duty to Breach Victims whose Personal and Medical Information was entrusted to Defendant to design, maintain, and test its computer systems and email system to ensure that the Personal and Medical Information in Defendant's possession was adequately secured and protected.

48.     Defendant owed a duty to Breach Victims whose Personal and Medical Information was entrusted to Defendant to create and implement reasonable data security practices and procedures to protect the Personal and Medical Information in their possession, including adequately training its employees and others who accessed Personal Information within its computer systems on how to adequately protect Personal and Medical Information.

49.     Defendant owed a duty to Breach Victims whose Personal and Medical Information was entrusted to Defendant to implement processes that would detect a breach on its data security systems in a timely manner.

50.     Defendant owed a duty to Breach Victims whose Personal and Medical Information was entrusted to Defendant to act upon data security warnings and alerts in a timely fashion.

51.     Defendant owed a duty to Breach Victims whose Personal and Medical Information was entrusted to Defendant to adequately train and supervise its employees to identify and avoid any phishing emails that make it past its email filtering service.

52.     Defendant owed a duty to Breach Victims whose Personal and Medical Information was entrusted to Defendant to disclose if its computer systems and data security practices were inadequate to safeguard individuals' Personal and Medical Information from theft because such an inadequacy would be a material fact in the decision to entrust Personal and Medical Information with Defendant.

53.     Defendant owed a duty to Breach Victims whose Personal and Medical Information was entrusted to Defendant to disclose in a timely and accurate manner when data breaches occurred.

54.     Defendant owed a duty of care to Breach Victims because they were foreseeable and probable victims of any inadequate data security practices.

**D.     A Data Breach like Defendant's Results in Debilitating Losses to Consumers**

55.     Each year, identity theft causes tens of billions of dollars of losses to victims in the United States.[3] Cyber criminals can leverage Plaintiffs' and Class members' Personal and Medical Information that was stolen in the Data Breach to commit thousands-indeed, millions-of additional crimes, including opening new financial accounts in Breach Victims' names, taking out loans in Breach Victims' names, using Breach Victims' names to obtain medical services and government benefits, using Breach Victims' Personal Information to file fraudulent tax returns, using Breach Victims' health insurance information to rack up massive medical debts in their names, using Breach Victims' health information to target them in other phishing and hacking intrusions based on their individual health needs, using Breach Victims' information to obtain government benefits, filing fraudulent tax returns using Breach Victims' information, obtaining driver's licenses in Breach Victims' names but with another person's photograph, and giving false information to police during an arrest. Even worse, Breach Victims could be arrested for crimes identity thieves have committed.

---

[3] "Facts + Statistics: Identity Theft and Cybercrime," Insurance Info.    Inst., https://www.iii.org/fact-statistic/facts-statistics-identity-theft-and-cybercrime (discussing Javelin Strategy & Research's report "2018 Identity Fraud: Fraud Enters a New Era of Complexity").

56.     Personal and Medical Information is such a valuable commodity to identity thieves that once the information has been compromised, criminals often trade the information on the cyber black-market for years.

57.     This was a financially motivated data breach, as the only reason cyber criminals stole Plaintiffs' and the Class members' Personal and Medical Information from Defendant was to engage in the kinds of criminal activity described above, which will result, and has already begun to, in devastating financial and personal losses to Breach Victims.

58.     This is not just speculative. As the FTC has reported, if hackers get access to Personal and Medical Information, they *will* use it.[4]

59.     Hackers may not use the information right away. According to the U.S. Government Accountability Office, which conducted a study regarding data breaches:

> [I]n some cases, stolen data may be held for up to a year or more before being used to commit identity theft. Further, once stolen data have been sold or posted on the Web, fraudulent use of that information **may continue for years**. As a result, studies that attempt to measure the harm resulting from data breaches cannot necessarily rule out all future harm.[5]

60.     For instance, with a stolen social security number, which is part of the Personal and Medical Information compromised in the Data Breach, someone can open financial accounts, get medical care, file fraudulent tax returns, commit crimes, and steal benefits.[6] Identity thieves can also use the information stolen from Breach Victims to qualify for expensive medical care and leave them and their contracted health insurers on the hook for massive medical bills.

61.     Medical identity theft is one of the most common, most expensive, and most difficult to prevent forms of identity theft. According to Kaiser Health News, "medical-related identity theft accounted for 43 percent of all identity thefts reported in the United States in 2013," which is

---

[4] Ari Lazarus, *How fast will identity thieves use stolen info?*, FED. TRADE COMM'N (May 24, 2017), https://www.consumer.ftc.gov/blog/2017/05/how-fast-will-identity-thieves-use-stolen-info.

[5] *Data Breaches Are Frequent, but Evidence of Resulting Identity Theft Is Limited; However, the Full Extent Is Unknown*, GAO, July 5, 2007, https://www.gao.gov/assets/270/262904.htmlu (emphasis added).

[6] *See, e.g.*, Christine Di Gangi, *5 Ways an Identity Thief Can Use Your Social Security Number*, Nov. 2, 2017, https://blog.credit.com/2017/11/5-things-an-identity-thief-can-do-with- your-security-number-108597/.

13

Class Action Complaint

1    more "than identity thefts involving banking and finance, the government and the military, or

2    education."[7]

3        62.     "Medical identity theft is a growing and dangerous crime that leaves its victims with

4    little to no recourse for recovery," reported Pam Dixon, executive director of World Privacy Forum.

5    "Victims often experience financial repercussions and worse yet, they frequently discover erroneous

6    information has been added to their personal medical files due to the thief's activities."[8]

7        63.     As indicated by Jim Trainor, second in command at the FBI's cyber security division:

8    "Medical records are a gold mine for criminals—they can access a patient's name, DOB, Social

9    Security and insurance numbers, and even financial information all in one place. Credit cards can

10   be, say, five dollars or more where PHI can go from $20 say up to—we've seen $60 or $70

11   [(referring to prices on dark web marketplaces)]."[9] A complete identity theft kit that includes health

12   insurance credentials may be worth up to $1,000 on the black market.[10]

13        64.     If, moreover, the cyber criminals also manage to steal financial information,

14   credit and debit cards, health insurance information, driver's licenses and passports—as they did

15   here—there is no limit to the amount of fraud that Defendant has exposed the Breach Victims to.

16        65.     A study by Experian found that the average total cost of medical identity theft is

17   "about $20,000" per incident, and that a majority of victims of medical identity theft were forced to

18   pay out-of-pocket costs for healthcare they did not receive in order to restore coverage.[11] Almost

19   half of medical identity theft victims lose their healthcare coverage as a result of the incident, while

20

21

---

22   [7] Michael Ollove, "The Rise of Medical Identity Theft in Healthcare," Kaiser Health News, Feb. 7, 2014, https://khn.org/news/rise-of-indentity-theft/.

23   [8] *Id.*

24   [9] ID Experts, *You Got It, They Want It: Criminals Targeting Your Private Healthcare Data, New Ponemon Study Shows*, https://www.idexpertscorp.com/knowedge-center/single/you-got-it-they-want-it-criminals-are-targeting-your-

25   private-healthcare-dat

26   [10] *Managing cyber risks in an interconnected world*, PRICEWATERHOUSECOOPERS: Key findings from The Global State of Information Security Survey 2015,https://www.pwc.com/gx/en/consulting-services/information-security-survey/assets/the-global- state-of-information-security-survey-2015.pdf

27   [11] *See* Elinor Mills, "Study: Medical Identity Theft is Costly for Victims," CNET (Mar, 3, 2010),

28   https://www.cnet.com/news/study-medical-identity-theft-is-costly-for-victims/.

Class Action Complaint

1   nearly one-third saw their insurance premiums rise, and forty percent were never able to resolve

2   their identity theft at all.[12]

3          66.     As described above, identity theft victims must spend countless hours and large

4   amounts of money repairing the impact to their credit.[13]

5          67.     The danger of identity theft is compounded when a minor's Personal and Medical

6   Information is compromised because minors typically have no credit reports to monitor. Thus, it can

7   be difficult to monitor because a minor cannot simply place an alert on their credit report or "freeze"

8   their credit report when no credit report exists.

9          68.     Defendant did not even offer free identity monitoring to Plaintiffs and the Class. And

10  even if it did, offering such for a limited period of time would still be insufficient. While some harm

11  has begun already, the worst may be yet to come. There may be a time lag between when harm

12  occurs versus when it is discovered, and also between when Personal and Medical Information is

13  stolen and when it is used. In any case, identity monitoring only alerts someone to the fact that they

14  have already been the victim of identity theft (*i.e.*, fraudulent acquisition and use of another person's

15  Personal and Medical Information)—it does not prevent identity theft.[14] This is especially true for

16  many kinds of medical identity theft, for which most credit monitoring plans provide little or no

17  monitoring or protection.

18         69.     As a direct and proximate result of the Data Breach, Plaintiffs and the Class have

19  been placed at an imminent, immediate, and continuing increased risk of harm from fraud and

20  identity theft.  Plaintiffs and the Class must now take the time and effort to mitigate the actual and

21  potential impact of the Data Breach on their everyday lives, including placing "freezes" and "alerts"

22  with credit reporting agencies, contacting their financial institutions, healthcare providers, closing

23

24

25  [12] *Id.*; *see also Healthcare Data Breach: What to Know About them and What to Do After One*, EXPERIAN,
    https://www.experian.com/blogs/ask-experian/healthcare-data-breach-what-to-know-about-them-and-what-to-do-
26  after-one/.

27  [13] "Guide for Assisting Identity Theft Victims," Federal Trade Commission, 4 (Sept. 2013),
    http://www.consumer.ftc.gov/articles/pdf-0119-guide-assisting-id-theft-victims.pdf.

28  [14] *See, e.g.*, Kayleigh Kulp, *Credit Monitoring Services May Not Be Worth the Cost*, Nov. 30, 2017,
    https://www.cnbc.com/2017/11/29/credit-monitoring-services-may-not-be-worth-the- cost.html.

15

Class Action Complaint

1   or modifying financial accounts, and closely reviewing and monitoring bank accounts, credit
2   reports, and health insurance account information for unauthorized activity for years to come.

3       70.     Plaintiffs and the Class have suffered, and continue to suffer, actual harms for which
4   they are entitled to compensation, including:

5           a. Trespass, damage to, and theft of their personal property including Personal and
6           Medical Information;

7           b. Improper disclosure of their Personal and Medical Information;

8           c. The imminent and certainly impending injury flowing from potential fraud  and
9           identity theft posed by their Personal and Medical Information being placed in the
10          hands of criminals and having been already misused;

11          d. The imminent and certainly impending risk of having their confidential medical
12          information used against them by spam callers to defraud them;

13          e. Damages flowing from Defendant's untimely and inadequate notification of the data
14          breach;

15          f. Loss of privacy suffered as a result of the Data Breach, including the harm of knowing
16          cyber criminals have their Personal and Medical Information and that fraudsters have
17          already used that information to initiate spam calls to members of the Class;

18          g. Ascertainable losses in the form of out-of-pocket expenses and the value of their time
19          reasonably expended to remedy or mitigate the effects of the data breach;

20          h. Ascertainable losses in the form of deprivation of the value of customers'
21          personal information for which there is a well-established and quantifiable national and
22          international market;

23          i.    The loss of use of and access to their credit, accounts, and/or funds;

24          j.    Damage to their credit due to fraudulent use of their Personal and Medical
25          Information; and

26          k. Increased cost of borrowing, insurance, deposits and other items which are adversely
27          affected by a reduced credit score.

28

16

71.     Moreover, Plaintiffs and the Class have an interest in ensuring that their information, which remains in the possession of Defendant, is protected from further breaches by the implementation of security measures and safeguards.

72.     Despite acknowledging the harm caused by the Data Breach on Plaintiffs and Class members, Defendant does nothing to reimburse Plaintiffs and Class members for the injuries they have already suffered.

**V.**

**CLASS ACTION ALLEGATIONS**

73.     Class Representatives bring this action on their own behalf and on behalf of all other persons similarly situated.   The putative class that Class Representatives seek to represent is composed of:

> All citizens of the State of California who were patients of Lincare Inc. on or before·
> September 10, 2021, and who received notices from Lincare that their information
> was compromised (hereinafter the "Class").

Excluded from the Class are the natural persons who are directors, and officers, of the Defendant.   Class Representatives expressly disclaim that they are seeking a class-wide recovery for personal injuries attributable to Defendant's conduct.

74.     Plaintiffs are informed and believe that the total number of Class Members exceeds thousands of persons, and as such, the members of the Class are so numerous that joinder of all members is impracticable.   While the exact number of the Class members is unknown to Class Representatives at this time, such information can be ascertained through appropriate discovery, from records maintained by Defendant.

75.     There is a well-defined community of interest among the members of the Class because common questions of law and fact predominate, Class Representatives' claims are typical of the members of the class, and Class Representatives can fairly and adequately represent the interests of the Class.

76.     Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting solely individual members of the Class.   Among the questions of law and fact common to the Class are:

17

(a)   Whether Defendant failed to adequately safeguard Plaintiffs' and the Class' Personal and Medical Information;

(b)   Whether Defendant failed to protect Plaintiffs' and the Class' Personal and Medical Information;

(c)   Whether Defendant's email and computer systems and data security practices used to protect Plaintiffs' and the Class' Personal and Medical Information violated the FTC Act, HIPAA, CMIA, CCRA and/or Defendant's other duties;

(d)   Whether Defendant violated the data security statutes and data breach notification statutes applicable to Plaintiffs and the Class;

(e)   Whether Defendant failed to notify Plaintiffs and members of the Class about the Data Breach expeditiously and without unreasonable delay after the Data Breach was discovered;

(f)   Whether Defendant engaged in unfair, unlawful, or deceptive practices by failing to safeguard Breach Victims' Personal and Medical Information properly and as promised;

(g)   Whether Defendant acted negligently in failing to safeguard Plaintiffs' and the Class' Personal and Medical Information, including whether its conduct constitutes negligence *per se*;

(h)   Whether Defendant entered into implied contracts with Plaintiffs and the members of the Class that included contract terms requiring Defendant to protect the confidentiality of Personal and Medical Information and have reasonable security measures;

(i)   Whether Defendant violated the consumer protection statutes, data breach notification statutes, and state medical privacy statutes applicable to Plaintiffs and the Class;

(j)   Whether Defendant failed to notify Plaintiffs and Breach Victims about the Data Breach as soon as practical and without delay after the Data Breach was discovered;

(k)   Whether Defendant's conduct described herein constitutes a breach of their implied contracts with Plaintiffs and the Class;

(l)   Whether Plaintiffs and the members of the Class are entitled to damages as a result of Defendant's wrongful conduct;

(m)   What equitable relief is appropriate to redress Defendant's wrongful conduct; and

(n)   What injunctive relief is appropriate to redress the imminent and currently ongoing harm faced by Plaintiffs and members of the Class.

Class Representatives' claims are typical of those of the other Class members because Class Representatives, like every other Class member, were exposed to virtually identical conduct and are entitled to nominal damages of one thousand dollars ($1,000) per violation pursuant to Civil Code §§ 56.101 and 56.36(b)(1).

18

1    77.    Class Representatives will fairly and adequately protect the interests of the Class.

2 Moreover, Class Representatives have no interest that is contrary to or in conflict with those of the

3 Class they seek to represent during the Class Period.  In addition, Class Representatives have

4 retained competent counsel experienced in class action litigation to further ensure such protection

5 and intend to prosecute this action vigorously.

6    78.    The prosecution of separate actions by individual members of the Class would create

7 a risk of inconsistent or varying adjudications with respect to individual members of the Class,

8 which would establish incompatible standards of conduct for the Defendant in the State of California

9 and would lead to repetitious trials of the numerous common questions of fact and law in the State

10 of California.   Class Representatives know of no difficulty that will be encountered in the

11 management of this litigation that would preclude its maintenance as a class action.  As a result, a

12 class action is superior to other available methods for the fair and efficient adjudication of this

13 controversy.

14    79.    Proper and sufficient notice of this action may be provided to the Class members

15 through direct mail.

16    80.    Moreover, the Class members' individual damages are insufficient to justify the cost

17 of litigation, so that in the absence of class treatment, Defendant's violations of law inflicting

18 substantial damages in the aggregate would go unremedied without certification of the Class.

19 Absent certification of this action as a class action, Class Representatives will continue to be

20 damaged by the unauthorized release of their individual identifiable medical information.

21                                     **VI.**

22                        **CAUSES OF ACTION**

23                      **FIRST CAUSE OF ACTION**
   **(Violations of the Confidentiality of Medical Information Act, Civil Code § 56, *et seq.*)**
24                      (Against All Defendants)

25    81.    Plaintiffs and the Class incorporate by reference all of the above paragraphs of this

26 Complaint as though fully stated herein.

27

28

                                      19

1        82.     Defendant is a "provider of health care," within the meaning of Civil Code §

2  56.05(m), and maintained and continues to maintain "medical information," within the meaning of

3  Civil Code § 56.05(j), of "patients" of the Defendant, within the meaning of Civil Code § 56.05(k).

4        83.     Plaintiffs and the Class are "patients" of Defendant within the meaning of Civil Code

5  § 56.05(k).  Furthermore, Plaintiffs and the Class, as patients of Defendant, had their individually

6  identifiable "medical information," within the meaning of Civil Code § 56.05(j), stored onto

7  Defendant's server through their school districts, on or before December 28, 2021.

8        84.     On or about September 26, 2021, Defendant determined that the illegally accessed

9  files involved Plaintiffs' and the Class members' individual identifiable "medical information,"

10  within the meaning of Civil Code § 56.05(j),[15] including Plaintiffs' and the Class members' "name,

11  medical information, which may include information concerning medical treatments you received

12  such as provider name, dates of service, diagnosis/procedure, and/or account or record numbers."

13        85.     Defendant was made aware of an unusual activity involving certain of its electronic

14  files.  Defendant immediately commenced an investigation to quickly assess the security of its

15  systems. Through the investigation, Defendant determined that certain files were accessed and

16  acquired between September 10, 2021 and September 29, 2021 without authorization. During its

17  investigation, Defendant determined that the information of certain individuals were present in the

18  relevant files.

19        86.     As a result of Defendant's above-described conduct, Plaintiffs and the Class have

20  suffered damages from the unauthorized release of their individual identifiable "medical

21  information" made unlawful by Civil Code §§ 56.10 and 56.101.

22        87.     Because Civil Code § 56.101 allows for the remedies and penalties provided under

23  Civil Code § 56.36(b), Plaintiffs, individually and on behalf of the Class, seek nominal damages of

---

[15] Pursuant to Civil Code § 56.05(j), "Medical information" means "any individually identifiable information, in electronic or physical form, in possession of or derived from a provider of health care...regarding a patient's medical history, mental or physical condition, or treatment. 'Individually Identifiable' means that the medical information includes or contains any elements of personal identifying information sufficient to allow identification of the individual, such as the patient's name, address, electronic mail address, telephone number, or social security number, or other information that, alone or in combination with other publicly available information, reveals the individual's identity." As alleged herein, Defendant's unencrypted server contained Plaintiff's and the Class members' names, dates of birth, and prescription information, and thus contained individually identifiable medical information as defined by Civil Code § 56.05(j)

Class Action Complaint

1   one thousand dollars ($1,000) for each violation under Civil Code § 56.36(b)(1); and Plaintiffs

2   individually seek actual damages suffered, if any, pursuant to Civil Code § 56.36(b)(2).

3

4   **SECOND CAUSE OF ACTION**

   **(Violations of the CALIFORNIA UNFAIR COMPETITION LAW, Cal. Bus. & Prof. Code**

5   **§17200, et seq.)**

6   88.     Plaintiffs incorporate by reference all allegations of the preceding paragraphs as

7   though fully set forth herein.

8   89.     Defendant does business in California. Defendant violated California's Unfair

9   Competition Law ("UCL"), Cal. Bus. Prof. Code § 17200, *et seq.*, by engaging in unlawful, unfair

10  or fraudulent business acts and practices and unfair, deceptive, untrue or misleading advertising that

11  constitute acts of "unfair competition" as defined in the UCL, including, but not limited to, the

12  following:

13          a.  by representing and advertising that it would maintain adequate data privacy and

14              security practices and procedures to safeguard their Personal and Medical

15              Information from unauthorized disclosure, release, data breach, and theft;

16              representing  and advertising that they did and would comply with the

17              requirement of relevant federal and state laws pertaining to the privacy and

18              security of the Class' Personal and Medical Information; and omitting,

19              suppressing, and concealing the material fact of the inadequacy of the privacy

20              and security protections for the Class' Personal and Medical Information;

21          b.  by soliciting and collecting Class members' Personal and Medical Information

22              with knowledge that the information would not be adequately protected; and by

23              storing Plaintiff's and Class members' Personal and Medical Information in

24              an unsecure electronic environment;

25          c.  by failing to disclose the Data Breach in a timely and accurate manner, in

26              violation of Cal. Civ. Code §1798.82;

27          d.  by violating the privacy and security requirements of HIPAA, 42 U.S.C. §1302d,

28              *et seq.*;

21

Class Action Complaint

1           e.   by violating the CMIA, Cal. Civ. Code § 56, *et seq.*; and

2           f.   by violating the CCRA, Cal. Civ. Code § 1798.82.

3      90.    These unfair acts and practices were immortal, unethical, oppressive, unscrupulous,

4 unconscionable, and/or substantially injurious to Plaintiffs and Class members. Defendant's practice

5 was also contrary to legislatively declared and public policies that seek to protect consumer data and

6 ensure that entities who solicit or are entrusted with personal data utilize appropriate security

7 measures, as reflected by laws like the FTC Act, 15 U.S.C. § 45, HIPAA, 42 U.S.C. § 1302d, *et*

8 *seq.*, CMIA, Cal. Civ. Code § 56, *et seq.*, and the CCRA, Cal. Civ. Code § 1798.81.5.

9      91.    As a direct and proximate result of Defendant's unfair and unlawful practices and

10 acts, Plaintiffs and the Class were injured and lost money or property, including but not limited to

11 the overpayments Defendant received to take reasonable and adequate security measures (but did

12 not), the loss of their legally protected interest in the confidentiality and privacy of their Personal

13 and Medical Information, and additional losses described above.

14      92.    Defendant knew or should have known that its computer systems and data security

15 practices were inadequate to safeguard Plaintiffs' and Class members' Personal and Medical

16 Information and that the risk of a data breach or theft was highly likely. Defendant's actions in

17 engaging in the above-named unfair practices and deceptive acts were negligent, knowing and

18 willful, and/or wanton and reckless with respect to the rights of the Class.

19      93.    The conduct and practices described above emanated from California where

20 decisions related to Defendant's advertising and data security were made.

21      94.    Plaintiffs seek relief under the UCL, including restitution to the Class of money or

22 property that the Defendant may have acquired by means of Defendant's deceptive, unlawful,

23 and unfair business practices, declaratory relief, attorney fees, costs and expenses (pursuant to Cal.

24 Code Civ. P. § 1021.5), and injunctive or other equitable relief.

25

26 **THIRD CAUSE OF ACTION**
**(Violations of the CALIFORNIA CONSUMER RECORDS ACT, Cal. Civ. Code § 1798.82,**

27 *et seq.*)

28

1    95.    Plaintiffs incorporate by reference all allegations of the preceding paragraphs as
2  though fully set forth herein.

3    96.    Section 1798.2 of the California Civil Code requires any "person or business that
4  conducts business in California, and  that owns or licenses computerized data that includes personal
5  information" to "disclose any breach of the security of the system following discovery or
6  notification of the breach in the security of the data to any resident of California whose unencrypted
7  personal information was, or is reasonably believed to have been, acquired by an unauthorized
8  person." Under section 1798.82, the disclosure "shall be made in the most expedient time possible
9  and without unreasonable delay . . . ."

10    97.    The CCRA further provides: "Any person or business that maintains computerized
11  data that includes personal information that the person or business does not own shall notify the
12  owner or licensee of the information of any breach of the security of the data immediately following
13  discovery, if the personal information was, or is reasonably believed to have been, acquired by an
14  unauthorized person." Cal. Civ. Code § 1798.82(b).

15    98.    Any person or business that is required to issue a security breach notification under
16  the CCRA shall meet all of the following requirements:

17        a. The security breach notification shall be written in plain language;

18        b. The security breach notification shall include, at a minimum, the following
19            information:

20            i. The name and contact information of the reporting person or business subject
21               to this section;

22            ii. A list of the types of personal information that were or are reasonably believed
23                to have been the subject of a breach;

24            iii. If the information is possible to determine at the time the notice is provided,
25                 then any of the following:

26                1. The date of the breach;

27                2. The estimated date of the breach; or

28

23

3. The date range within which the breach occurred. The notification shall also include the date of the notice.

iv. Whether notification was delayed as a result of law enforcement investigation, if that information is possible to determine at the time the notice is provided;

v. A general description of the breach incident, if that information is possible to determine at the time the notice is provided; and

vi. The toll-free telephone numbers and addresses of the major credit reporting agencies if the breach exposed a Social Security number or a driver's license or California identification card number.

99.     The Data Breach described herein constituted a "breach of the security system" of Defendant.

100.     As alleged above, Defendant unreasonably delayed informing Plaintiffs and Class members about the Data Breach, affecting their Personal and Medical Information, after Defendant knew the Data Breach had occurred.

101.     Defendant failed to disclose to Plaintiffs and the Class, without unreasonable delay and in the most expedient time possible, the breach of security of their unencrypted, or not properly and securely encrypted, Personal and Medical Information when Defendant knew or reasonably believed such information had been compromised.

102.     Defendant's ongoing business interests gave Defendant incentive to conceal the Data Breach from the public to ensure continued revenue.

103.     Upon information and belief, no law enforcement agency instructed Defendant that timely notification to Plaintiffs and the Class would impede its investigation.

104.     As a result of Defendant's violation of Cal. Civ. Code § 1798.82, Plaintiffs and the Class were deprived of prompt notice of the Data Breach and were thus prevented from taking appropriate protective measures, such as securing identity theft protection or requesting a credit freeze. These measures could have prevented some of the damages suffered by Plaintiffs and Class members because their stolen information would have had less value to identity thieves.

1      105.   As a result of Defendant's violation of Cal. Civ. Code § 1798.82, Plaintiffs and the

2 Class suffered incrementally increased damages separate and distinct from those simply caused by

3 the Data Breach itself.

4      106.   Plaintiffs and the Class seek all remedies available under Cal. Civ. Code § 1798.84,

5 including, but not limited to the damages suffered by Plaintiffs and the other Class members as

6 alleged above and equitable relief.

7      107.   Defendant's misconduct as alleged herein is fraud under Cal. Civ. Code § 3294(c)(3)

8 in that it was deceit or concealment of a material fact known to the Defendant conducted with the

9 intent on the part of Defendant of depriving Plaintiffs and the Class of "legal rights or otherwise

10 causing injury." In addition, Defendant's misconduct as alleged herein is malice or oppression under

11 Cal. Civ. Code § 3294(c)(1) and (c) in that it was despicable conduct carried on by Defendant with

12 a willful and conscious disregard of the rights or safety of Plaintiffs and the Class and despicable

13 conduct that has subjected Plaintiffs and the Class to cruel and unjust hardship in conscious

14 disregard of their rights. As a result, Plaintiffs and the Class are entitled to punitive damages against

15 Defendant under Cal. Civ. Code § 3294(a).

16

17                          **PRAYER FOR RELIEF**

18     WHEREFORE, Plaintiffs respectfully request the Court to grant Plaintiffs and the Class

19 members the following relief against Defendant:

20       a.    An order certifying this action as a class action under Code of Civil Procedure §382,

21 defining the Class as requested herein, appointing the undersigned as Class counsel, and finding that

22 Plaintiffs are proper representatives of the Class requested herein;

23       b.    A judgment in favor of Plaintiffs and the Class awarding them appropriate monetary

24 relief, including actual and statutory damages, including statutory damages under the CMIA,

25 punitive damages, attorney fees, expenses, costs, and such other and further relief as is just and

26 proper.

27       c.    An order providing injunctive and other equitable relief as necessary to protect the

28 interests of the Class as requested herein, including, but not limited to:

i.   Ordering that Defendant engage third-party security auditors/penetration testers as well as internal security personnel to conduct testing, including simulated attacks, penetration tests, and audits on Defendant's systems on a periodic basis, and ordering Defendant to promptly correct any problems or issues detected by such third-party security auditors;

ii.   Ordering that Defendant engage third-party security auditors and internal personnel to run automated security monitoring;

iii.   Ordering that Defendant audit, test, and train their security personnel regarding any new or modified procedures;

iv.   Ordering that Defendant's segment customer data by, among other things, creating firewalls and access controls so that if one area of Defendant's systems is compromised, hackers cannot gain access to other portions of Defendant's systems;

v.   Ordering that Defendant purge, delete, and destroy in a reasonably secure manner customer data not necessary for its provisions of services;

vi.   Ordering that Defendant conduct regular database scanning and securing checks;

vii.   Ordering that Defendant routinely and continually conduct internal training and education to inform internal security personnel how to identify and contain a breach when it occurs and what to do in response to a breach; and

viii.   Ordering Defendant to meaningfully educate its current, former, and prospective employees and subcontractors about the threats they face as a result of the loss of their financial and personal information to third parties, as well as the steps they must take to protect themselves.;

d.   An order requiring Defendant to pay the costs involved in notifying the Class members about the judgment and administering the claims process;

e.   A judgment in favor of Plaintiffs and the Class awarding them pre-judgment and post-judgment interest, reasonable attorneys' fees, costs and expenses as allowable by law, including

26

1 | the CCRA, Cal. Civ. Code § 1798.84(g), UCL, Cal. Bus. & Prof. Code § 17082, CMIA, Cal. Civ.

2 | Code 56.35; and

3 |     f.      An award of such other and further relief as this Court may deem just and proper.

4

5 | **POTTER HANDY LLP**

6 | /s/ James M. Treglio

7 | Dated: July 18, 2022          By: _____

8 | Mark D. Potter, Esq.
    James M. Treglio, Esq.
9 | Attorneys for the Plaintiffs and the Class

10

11

12

13 | **DEMAND FOR JURY TRIAL**

14 | Plaintiffs and the Class hereby demand a jury trial on all causes of action and claims with

15 | respect to which they have a right to jury trial.

16

17

18 | **POTTER HANDY LLP**

19 | /s/ James M. Treglio

20 | Dated: July 18, 2022          By: _____

21 | Mark D. Potter, Esq.
    James M. Treglio, Esq.
22 | Attorneys for the Plaintiffs and the Class

23

24

25

26

27

28

27

**CM-010**

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
James M. Treglio (SBN 228077)
Potter Handy, LLP
100 Pine St., Ste 1250, San Francisco, CA 94111

TELEPHONE NO.: (858) 375-7385   FAX NO. *(Optional):* 888-422-5191
ATTORNEY FOR *(Name):* Plaintiffs, Stephen Burton and Victor Juarez

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CRUZ
STREET ADDRESS: 701 Ocean Street,
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Cruz, CA 95060
BRANCH NAME: Santa Cruz Courthouse,

CASE NAME:
Burton, et al., v. Lincare Inc., et al.

*FOR COURT USE ONLY*

ELECTRONICALLY FILED
Superior Court of California
County of Santa Cruz
7/19/2022 8:00 AM
Alex Calvo, Clerk
By: Karen Broughton, Deputy

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 22CV01547 |
|---|---|---|
| [x] Unlimited (Amount demanded exceeds $25,000)   [ ] Limited (Amount demanded is $25,000) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br><br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [x] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [x] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [x] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary b. [x] nonmonetary; declaratory or injunctive relief c. [x] punitive
4. Number of causes of action *(specify):* 3- Violations of the CMIA, Civil Code § 56, et seq, UCL, CCRA
5. This case [x] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: July 18, 2022

James M. Treglio
(TYPE OR PRINT NAME)

▶ /s/ James M. Treglio
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
*www.courts.ca.gov*

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**

| SUPERIOR COURT OF CALIFORNIA COUNTY OF SANTA CRUZ | *FOR COURT USE ONLY* |
|---|---|

**SUPERIOR COURT OF CALIFORNIA COUNTY OF SANTA CRUZ**

Santa Cruz Branch
701 Ocean Street, Room 110
Santa Cruz, CA 95060



Watsonville Branch
1 Second Street, Room 300
Watsonville, CA 95076

*FOR COURT USE ONLY*

**FILED**

7/19/2022

Alex Calvo, Clerk

By: Karen Broughton

Deputy, Santa Cruz County

STEPHEN BURTON, et al
vs
LINCARE INC., a Delaware corporation

**CASE MANAGEMENT INFORMATION AND SETTING**

**Case Number:** 22CV01547

# DEFENDANT: YOU HAVE 30 CALENDAR DAYS TO FILE A WRITTEN RESPONSE WITH THE COURT ONCE YOU HAVE BEEN SERVED WITH THE SUMMONS AND COMPLAINT.

The date below is for a Case Management Conference. If you have not responded within 30 days, this hearing MAY NOT take place.

It is the duty of each party to be familiar with the California Rules of Court and the date, time and place of the first case management conference.

A written response is not always necessary. To make this determination it is important to seek legal advice and information. Some options are:

1. Santa Cruz County Bar Association Lawyer Referral Service: 831-425-4755 (Fee Based service)
2. Santa Cruz Superior Court Self Help Center: 1 Second Street, Room 301 Watsonville, CA 95076
   831-786-7200 option 4. www.santacruzcourt.org for hours.
3. Santa Cruz Law Library: 701 Ocean Street, Room 70 (Basement), Santa Cruz, CA 95060
   831-420-2205 www.lawlibrary.org for hours.
4. Watsonville Law Center: 831-722-2845

**PLAINTIFF:** This notice MUST be served with the summons on all defendants and cross-defendants. Notice of any other pending case management conference must be served on subsequently named defendants and cross defendants.

---

**YOUR CASE MANAGEMENT CONFERENCE DATE:**

**DATE:   11/16/2022**            **TIME:   8:30 A.M.     Santa Cruz Department 5**

**Address of the Court: 701 Ocean Street, Santa Cruz, California**

To appear remotely through **Zoom** at your Case Management Conference visit our court website
**https://www.santacruz.courts.ca.gov/online-services/participating-remotely-zoom**

---

**GET TEXT REMINDERS!**
Text case number to (831) 208-5170 for reminders about hearing dates and payment due dates.

---

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | FOR COURT USE ONLY |
|---|---|
| James M. Treglio (SBN 228077), Potterhandy LLP<br>100 Pine St., Ste 1250,<br>San Francisco, CA 94111<br>　　TELEPHONE NO:　8583757385　　　　FAX NO *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*:<br>　　ATTORNEY FOR *(Name)*: | ELECTRONICALLY FILED<br>Superior Court of California<br>County of Santa Cruz<br>7/27/2022 8:00 AM<br>Alex Calvo, Clerk<br>By: Marlen Pineda, Deputy<br><br>*Marlen Pineda* |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF　Santa Cruz |
|---|
| 　STREET ADDRESS:　701 Ocean Street,<br>　MAILING ADDRESS:<br>CITY AND ZIP CODE:　Santa Cruz, 95060<br>　BRANCH NAME:　santa cruz courthouse |

| PLAINTIFF / PETITIONER:　Burton<br>DEFENDANT / RESPONDENT:　Lincare Inc., et al. | CASE NUMBER:<br>22CV01547 |
|---|---|
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>7389464 |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. [X] summons
   b. [X] complaint
   c. [ ] Alternative Dispute Resolution (ADR) package
   d. [ ] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] cross-complaint
   f. [X] other *(specify documents)*:　CASE MANAGEMENT INFORMATION AND SETTING;
3. a. Party served *(specify name of party as shown on documents served)*:
      LINCARE INC., a Delaware corporation;
   b. [X] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:
      Registered Agent for Service of Process : C T CORPORATION SYSTEM; Sarai Marin Intake specialist
4. Address where the party was served:
   330 N Brand Blvd Ste 700, Glendale, CA 91203
5. I served the party *(check proper box)*
   a. [X] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*:　Fri, Jul 22 2022　　　(2) at *(time)*:　08:40 AM
   b. [ ] **by substituted service.** On *(date)*:　　　　　　　　at *(time)*:　　　　　　　　I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3)*:

      (1) [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
      (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
      (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
      (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date)*:
          from *(city)*:　　　　　　　　　　　　　　　　　or [ ] a declaration of mailing is attached.
      (5) [ ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

| PLAINTIFF / PETITIONER: Burton | CASE NUMBER: |
|---|---|
| DEFENDANT / RESPONDENT: Lincare Inc., et al. | 22CV01547 |

5.  c.  ☐  **by mail and acknowledgment of receipt of service**. I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

(1)  on *(date)*:                     (2)  from *(city)*:

(3)  ☐  with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)

(4)  ☐  to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d.  ☐  **by other means** *(specify means of service and authorizing code section)*:

☐  Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:

a.  ☐  as an individual defendant.

b.  ☐  as the person sued under the fictitious name of *(specify)*:

c.  ☐  as occupant.

d.  ☒  On behalf of *(specify)*:   LINCARE INC., a Delaware corporation;

under the following Code of Civil Procedure section:

☒  416.10 (corporation)                           ☐  415.95 (business organization, form unknown)
☐  416.20 (defunct corporation)                   ☐  416.60 (minor)
☐  416.30 (joint stock company/association)       ☐  416.70 (ward or conservatee)
☐  416.40 (association or partnership)            ☐  416.90 (authorized person)
☐  416.50 (public entity)                         ☐  415.46 (occupant)
☐  other:

7.  **Person who served papers**

a.  Name:                 Rodolfo D Garcia

b.  Address:              RLD Service Inc 2063 S Atlantic Blvd Ste 2M Monterey Park 91754

c.  Telephone number:     (626)375-5246

d.  **The fee** for service was:  $ 35

e.  I am:

(1)  ☐  not a registered California process server.

(2)  ☐  exempt from registration under Business and Professions Code section 22350(b).

(3)  ☒  a registered California process server:

(i)   ☐ owner    ☐ employee    ☒ independent contractor

(ii)  Registration No:  2018013077

(iii) County:   Los Angeles

8.  ☒  **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

or

9.  ☐  **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date:

Rodolfo D Garcia                                          *Rodolfo D Garcia*
_____          _____
(NAME OF PERSON WHO SERVED PAPERS / SHERIFF OR MARSHAL)                    (SIGNATURE)